IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HEDIE L. APODACA,**

      **Plaintiff,**

vs.                                                No. CIV 03-611 LCS/KBM

**JOHN E. POTTER, Postmaster General,**
**United States Postal Service,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 29) filed May 14, 2004 and Defendant's Motion for Summary Judgment on all Counts of Plaintiff's Complaint (Doc. 27) filed May 14, 2004. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Defendants' Motion to Dismiss should be **GRANTED**.

**I. Background**

This case arises out of the placement of Plaintiff on an extended leave without pay status in February of 2001 by her employer, the United States Postal Service ("USPS"). Plaintiff claims that she is a handicapped individual under the provisions of the Rehabilitation Act and that the actions of USPS constitute violations of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.* and Title VII, 42 U.S.C. § 2000e *et seq.* (Compl. ¶¶ 1, 12, 16, 17.)

Ms. Apodaca began working for the Postal Service in March of 1984 and worked in a number of locations throughout the United States. In July of 1999 she began working for the

Postal Service in Las Cruces, NM.  (Apodaca Depo.  pp. 19-21, 41, 50, 51.)  Plaintiff, upon returning to work in Las Cruces, initially worked for a period of four hours per day inside the Post Office at the recommendation of her psychiatrist, Harold Alexander, Jr., M.D.  (Id. at 72-75.)

Plaintiff states she suffers from chronic acute hepatitis C and post-traumatic stress disorder ("PTSD"). (Compl. ¶ 5.)  She has been treated by Dr. Alexander since June of 1995. (Alexander Depo. p. 10.)  Ms. Apodaca has a history of mood disorder dating to at least 1993. (Eval. of Gerald Fredman, M.D., p. 16.)  She also has a history of severe psychiatric disorder which, when symptomatic, substantially limits a major life activity.  (Id. at p. 18.)  Her condition has required numerous hospitalizations for long periods of time over the years and when Ms. Apodaca experiences episodes of severe depression, she is incapable of working.  (Alexander Depo.  pp. 11-13, 16-18.)  When Plaintiff is not in a major depressive cycle, there is no mental impairment that substantially limits a major life activity.  (Id.)  However, as of April 7, 2004 it was Dr. Alexander's opinion that Plaintiff was currently incapable of performing gainful employment. (Id. at 7-8.)

When Plaintiff returned to work in 1999 her hours were gradually increased based upon the recommendation of Dr. Alexander.  (Alexander Depo. pp. 39-40.)  In November of 1999, Plaintiff bid for and was awarded the City-12 route.  Ms. Apodaca eventually began working eight-hour days.  (Apodaca Depo. p. 153, Alexander Depo. p. 39.)  Tim Hennig, a Postal Service Customer Service Analyst came to Las Cruces in September of 2000 to evaluate Ms. Apodaca's route at the request of management.  (Apodaca Depo. p. 64.)

Ms. Apodaca received assistance from other employees in order to complete her route

within eight hours. (Apodaca Depo. pp. 153, 154; Manning Declaration ¶ 6.) She never requested an accommodation on the basis of her hepatitis C. (Manning Declaration ¶ 8.) On February 6, 2001, Plaintiff had an incident at work which resulted in her being hospitalized. (Apodaca Depo. p. 136.) Plaintiff was thereafter on leave without pay ("LWOP") status from February 6, 2001 until July 12, 2003. (Id.)

On April 18, 2001, Ms. Apodaca contacted an EEO Counselor for pre-complaint counseling, alleging that she had suffered an adverse employment action on the basis of race, gender, age, physical and mental disability and retaliation. (Westervelt Declaration ¶¶ 7, 8; Def. Ex. A.) Ms. Apodaca filed a formal complaint of discrimination on July 3, 2001. (Def. Ex. B.)

On February 21, 2003 the EEOC issued its Final Agency Decision. (Def. Ex. E.) Plaintiff's claim of discrimination was dismissed as having been untimely brought to the attention of an EEO Counselor in accordance with 29 C.F.R. § 1614.107(a)(2). Plaintiff's other claims were dismissed in accordance with 29 C.F.R. § 1614.107(a)(1) for failure to state a claim. (Id.)

**II. Standard**

**a. Motion to Dismiss**

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *Sutton v. Utah Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may

be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). In the event the Motion to Dismiss presents matters outside the pleading and these matters are not excluded by the court, the motion to dismiss shall be treated as a motion for summary judgment and shall be disposed of as provided in Rule 56. FED. R. CIV. PRO. 12(b)(6).

### b. Summary Judgment

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id*. When applying this standard the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the Movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co*., 175 F.3d

1193, 1201 (10th Cir. 1999).

### III. Analysis

In support of its Motion to Dismiss, Defendant argues that this Court lacks jurisdiction over Plaintiff's claims because Plaintiff failed to exhaust her administrative remedies in a timely manner. Plaintiff's Complaint alleges discrimination and retaliation in violation of the Rehabilitation Act and Title VII. She claims that she is a qualified individual within the meaning of the Rehabilitation Act (29 U.S.C. § 794(a)). Section 794(a)(1) of Title 29 extends the remedies available under the Civil Rights Act (42 U.S.C. § 2000e-16) to federal employees alleging discrimination based upon a disability. Authority to enforce 42 U.S.C. § 2000e-16 is vested in the Equal Employment Opportunity Commission (EEOC).

This Court construes Defendants' Motion to Dismiss under FED. R. CIV. PRO. 12(b)(6) for failure to state a claim upon which relief can be granted. Rule 12(b) continues,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

Because both parties have submitted additional exhibits with Defendants' Motion to Dismiss, the Court treats the Motion as a motion for summary judgment on the issue of whether Plaintiff has failed to exhaust her administrative remedies in a timely manner.

Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court. *Johnson v. Orr*, 747 F.2d 1352, 1356 (10th Cir. 1984); 42 U.S.C. § 2000e-16. The Rehabilitation Act encompasses this requirement. *Johnson*, 747 F.2d at 1356-57; 29 U.S.C. § 794(a)(1). Exhaustion serves to place the agency on notice of an alleged civil

rights violation and provides an opportunity to conciliate the claim in furtherance of Title VII's goal of securing voluntary compliance. *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997). In the event that Plaintiff does not timely file a claim with the administrative agency, this Court lacks jurisdiction to hear the claim. *Johnson*, 747 F.2d at 1356.

Plaintiff suffered an incident at work on February 6, 2001 which required hospitalization for approximately one month. Following this incident, Ms. Apodaca did not return to work until July 12, 2003. Ms. Apodaca's deposition references numerous events of allegedly discriminatory or retaliatory conduct at work occurring prior to February 6, 2001. The first step in the exhaustion process requires the employee to consult an agency counselor within 45 days of the alleged discriminatory act. *See* 29 C.F.R. § 1614.105(a). The last discriminatory incident alleged by Plaintiff occurred on February 6, 2001. Thus, the last day for Plaintiff to have been timely would have been March 23, 2001. However, she did not contact an EEO counselor until April 18, 2001, more than 45 days after the last alleged incident of retaliation on February 6, 2001. (Def. Ex. A.) Thus, facially, this Court lacks jurisdiction over the subject matter of this cause.

Plaintiff argues, however, that equitable tolling should be applied to the time limit imposed by § 1614.105(a) because she was allegedly incapacitated following her hospitalization on February 6, 2001. The propriety of equitable tolling is determined on a case-by-case basis. *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259-260 (10th Cir. 1994). Plaintiff argues that equitable tolling is appropriate where a Title VII plaintiff failed to file the EEOC complaint during the statutory period due to mental or emotional disability.

The Tenth Circuit however, has taken a different view of when equitable tolling is appropriate. In this circuit, 'a Title VII time limit will be tolled *only* if there has been active

deception of the claimant regarding procedural requirements.'  *Jarrett*, 22 F.3d at 260 (quoting *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991))(emphasis in original).  In the event that plaintiff has not been "actively misled or lulled into inaction" and there has been no "false representation by any court, agency, or putative defendant", equitable tolling is not merited. *Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1481 (10th Cir. 1988).  Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded out of a vague sympathy for particular litigants.  *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984).  The Tenth Circuit has found that, "In the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *New Mexico Citizens for Clean Air and Water v. Española Mercantile Co., Inc.*, 72 F.3d 830, 833 (10th Cir. 1996)(quoting *Mohasco Corp. v. Silver*, 477 U.S. 807, 826 (1980)).  To the extent equitable exceptions to this rule exist, they have been narrowly construed.  *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267.

    Our circuit has never held that an individual's mental incapacity entitles him to equitable tolling.  *Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1006 (10th Cir. 2003)(*See Biester*, 77 F.3d at1268).  Courts which recognize equitable tolling for mental incapacity have limited its application to exceptional circumstances.  *Biester*, 77 F.3d at 1268.  In *Harms,* the Plaintiff argued that the time for filing his civil action following dismissal of his EEO complaint should have been tolled because he was not mentally competent.  *Harms*, 321 F.3d. at 1006.  The Court held that the Plaintiff has the burden of establishing his mental competency.  *Id.*  Because Plaintiff failed to proffer any evidence that he was mentally incompetent, he was unable to justify the delay in filing his civil action and the district court did not abuse its discretion in concluding that

7

equitable tolling was not warranted. *Id.*

     Similarly, in the present case, Ms. Apodaca has failed to provide this Court with evidence that she was mentally incompetent to file her EEO claim within the 45 days of her employer's adverse action as required by 29 C.F.R. § 1614.105(a). Medical records provided with Plaintiff's Response to Defendants' Motion to Dismiss reveal that Ms. Apodaca was released from the psychiatric ward of Memorial Medical Center on March 5, 2001 after having been admitted on February 6, 2001. (Def. Ex. C.) Treatment records of Plaintiff's psychiatrist, Dr. Harold E. Alexander, dated March 15, 2001, reveal that Plaintiff was able to maintain her activities of daily living, although she did have a much reduced threshold for tolerating stress. (Id.) Plaintiff was noted to be alert and cooperative. She was found to be somewhat sedated, but had no psychotic symptoms or active suicidal thoughts. Her judgment and insight were noted to be fairly good. (Id.) Dr. Alexander's records from April 6, 2001 revealed that Plaintiff continued to be somewhat sedated but that her thoughts were more coherent, that she was having no hallucinations and that she was feeling less anxious. (Id.) Plaintiff was having conflicts with her mother and had made the decision to move into her own apartment. Plaintiff was noted to be alert and coherent, although mildly sedated. (Id.) Additionally, on February 26, 2001, Plaintiff completed a Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation. (Def. Reply, Ex. C.) Execution of this document occurred well within the 45 day period for filing a claim with the EEOC.

     Given the medical records and other documents provided by both parties, Plaintiff has not demonstrated to the Court that a genuine issue of material fact exists as to her competence when the period for filing her EEO claim expired. Therefore, I find that equitable tolling is not

appropriate in this case and that Plaintiff has failed to exhaust her administrative remedies in a timely manner. This Court therefore lacks jurisdiction to hear Plaintiff's claims and Defendants' Motion to Dismiss should be **GRANTED**.

Because I find that this Court lacks jurisdiction over the issues raised in Plaintiff's complaint, I need not reach the issues raised in Defendants' Motion for Summary Judgment (Doc. 27).

**IT IS SO ORDERED.**

**A SUMMARY JUDGMENT CONSISTENT WITH THIS OPINION SHALL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**